KITTY LAWRENCE, Petitioner, *v.* BENJAMIN J. LAWRENCE, Respondent.

Domestic Relations Court of New York, Family Court, New York County, July 21, 1939.

*Norman L. Marks*, for the petitioner.

*Sapinsley, Lukas & Santangelo*, for the respondent.

PANKEN, J. In the matter of Katherine Lawrence against Benjamin J. Lawrence, both parties appearing by counsel, the testimony elicited from the petitioner discloses the fact that an action had been commenced by her in the Supreme Court of the State of New York, New York county, and that an order had been made on the 27th day of June, 1939, by Mr. Justice DINEEN of that court, awarding to the petitioner in this proceeding, and the plaintiff in the Supreme Court proceeding, the sum of ten dollars weekly, *pendente lite*.

There is no dispute between the parties that this order by Mr. Justice DINEEN was made upon the consent of the respondent, the

defendant in the Supreme Court proceeding; that the matter had been by the justice in the Supreme Court referred to an official referee to determine the ability of the respondent to answer for the support of the spouse and the extent of such ability.

A pending proceeding in the Supreme Court of the State of New York does not divest nor does it prevent this court from taking jurisdiction of a proceeding properly presented on behalf of a spouse against her husband, nor does it prevent this court from taking jurisdiction in a matter in which defendant's children may be the parties against either their father or their mother.

Section 137 of the Domestic Relations Court Act, as amended, limits the court in its powers. It limits the court to make an order within the limits of the order made by the Supreme Court, providing always that the court acquires jurisdiction as is provided in the act, and particularly section 92 thereof. I hold as a matter of law that the limitation upon this court to make orders within the limits of the order of the Supreme Court continues only until such time as there is no change of circumstances. An order made by the Supreme Court awarding a wife, we will assume, five dollars a week, and the least she needs is eight or nine dollars to avoid becoming a public charge, would not deprive this court of the power to make an order in excess of the award made by the Supreme Court. A change of circumstances which might, because of ill health, require medical attendance or care, would not require that this court be circumscribed entirely within the limits of the award made in the Supreme Court.

I am not making this order of ten dollars weekly for the maintenance and support of the petitioner on evidence submitted to me as to the ability on the part of the respondent to respond in that sum or in any greater sum. He may well be able to pay three times that amount, and it may also be possible that he is unable to pay even that sum. An order is made in this court, as it has been made in the Supreme Court, on consent of the respondent, reserving to the petitioner all rights which she may have under the law in this court or in the Supreme Court, and under the law as expounded by the court in this opinion.